IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CASE NO. 20-mj-1704 |
| JON FREY, | |
| a/k/a "victorbravo9922" : | |

ORDER

AND NOW, October 22, 2020, the court having taken under advisement the detention motion filed by the United States of America and after due consideration to the proffers of evidence submitted by the defense and the United States:

The Court finds that by imposing home incarceration, GPS monitoring and various other conditions including the posting of real estate is identified in the defendant's response to the government's motion for pretrial detention, it can adequately impose a combination of conditions which would assure the defendant's appearance at all necessary court proceedings.

The Court has further considered the evidence proffered by the defense in an effort to rebut the presumption of detention as well as the evidence presented by the United States in support of its motion for detention as that evidence relates to the Court's determination of danger to the community. In doing so, the Court considered which conditions or combination of conditions would permit pretrial release in the face of any danger to the community. The Court considered whether home incarceration and removal of any access to computer or devices which would access the Internet as well as GPS monitoring would be adequate to assure the safety of the community from potential actions by the defendant. In reaching its conclusion the court considered, among other things, the fact that the Philadelphia Department of Human Services (DHS) had directed that the defendant should not have any contact with his daughter. Contrary to

the directive of DHS, the defendant has continued to have contact with his daughter. Based upon the Government's proffer made at the detention hearing in this matter, it appears that he has ignored that directive and his wife has attempted to facilitate contact with their daughter. In past communications with third parties the defendant stated that he had improper sexual contact with his daughter over several years.

The Court further considers that the defendant is familiar with the use of computers and due to the present Covid-19 pandemic, the pretrial services office is not making home visits and cannot monitor the defendants conduct in his home while on home incarceration. The installation of GPS monitoring will not adequately assure that he has no contact with anybody that comes into the house but simply monitor his location.

After consideration of all these factors the Court does not believe that the presumption of detention based upon danger the community has been rebutted by the defendant in the court therefore it is

ORDERED that the defendant shall remain in detention pending further proceedings in this matter and is remanded to the custody of the United States marshals service for that purpose.

BY THE COURT:

  /s/ *Henry S. Perkin*
Henry S. Perkin, U.S.M.J.