UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 20-MJ-1704 |
| | : | |
| JON FREY | : | |

**PROPOSED ORDER SETTING CONDITIONS OF PRETRIAL RELEASE PER 18 USC SECTION 3142(C)(1)(B)**

IT IS ORDERED that the Defendant's release is subject to the following conditions:

1. Defendant is required to submit to supervision by, and report for supervision to, the Pretrial Services Officer.

2. Defendant's wife (or parents) shall be appointed as a third party custodian(s) per Section 3142 and required to submit to Pretrial Services any instances of non compliance with the conditions of release.

3. Defendant shall reside at 480 Springfield Drive, South Hampton, PA 18933, with his parents.

4. Defendant must not obtain a U.S. Passport or other international travel document.

5. Defendant's personal association, residence, and travel are restricted to the Eastern District of Pennsylvania.

6. Defendant is to continue with treatment and counseling with Dr. Fitzgibbons or some other counselor or medical profession or physician for mental health treatment.

7. Defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

8. Defendant must abide by the terms of the safety plan implemented by the Philadelphia Department of Human Services.

9. Immediately following his release from Lehigh County Jail, Defendant is to be placed on GPS monitoring. Defendant is required to pay part or all of the costs of such monitoring. The installation of the GPS monitoring system is to take place at a location in Lehigh County immediately following Defendant's release from the Lehigh County Prison.

10. Following installation of the GPS monitoring system, Defendant is to immediately travel to his home and report to Pretrial Services.

11. Defendant is subject to home incarceration following his release from Lehigh County Prison. He is restricted to 24-hour-a-day lockdown at his residence except for medical necessities and medical/psychiatric treatment or appointments with his attorney or for in person court appearances.

12. Defendant is subject to a total prohibition of access to the Internet or computers. Defendant is not permitted any computer access. The only exception to this prohibition is for telemedicine appointments supervised by his wife Amy Frey. The Defendant's home shall not have internet service nor internet access.

13. Defendant may have access to a phone with the ability only to be used as a telephone. That telephone may not have any other applications, nor texting capabilities.

14. Defendant is not to possess a firearm, destructive device, or other weapon. Defendant also must not use alcohol excessively or use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

15. Defendant must report to the pretrial services officer or supervising officer every contact with law enforcement personnel, and must also report to pretrial services any change in address, telephone number, or employment status.

16. Defendant must post two properties 3069 Salmon Street (a rental property owned by the Defendant) and 3049 Almond Street (a property owned by the Defendant and his wife which is occupied by his family) as collateral to secure his appearance in court and to secure his compliance with all conditions of release.

17. Defendant will sign a Waiver of Rights which will result in the forfeiture of trial and due process rights should he flee. A form of the Waiver will be signed immediately upon his release and will be prepared by his attorney and circulated to the parties and the Court within 24 hours of his release. Through this Waiver, defendant waives his right to object to extradition to the U.S. from any foreign country or territory; the admissibility of evidence; agrees to be tried *in absentia*

pursuant to Fed.R.Crim.P. 43; waives his right to be present at sentencing; waives his right to appeal should he flee and remain a fugitive; and waives his right to collaterally challenge his sentence.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | Criminal No. 20-MJ-1704 |
| | : | |
| JON FREY | : | |

**MOTION FOR REVIEW OF UNITED STATES MAGISTRATE'S DENIAL OF BAIL PURSUANT TO 18 U.S.C. § 3145; 28 U.S.C. § 1291**

On October 20, 2020, the defendant was arrested and charged by a complaint and warrant with Distribution and Attempted Distribution of Child Pornography. On October 22, 2020, the government filed a pretrial detention motion which Magistrate Perkin granted and ordered the defendant detained pending trial.

<u>I. 18 U.S.C. § 3145 GIVES THE DISTRICT COURT JUDGE THE AUTHORITY TO DIRECTLY REVIEW A DETENTION ORDER ENTERED BY A MAGISTRATE JUDGE</u>

Title 18 U.S.C. § 3145 provides:

If a person is ordered detained by a magistrate judge, or by a person other than a judge of the court having original jurisdiction over the offense and other than a federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

The detention order entered on October 22, 2020, by the Honorable Perkin is therefore subject to review by a Judge of this Court.  This Court may hold an evidentiary hearing and make a *de novo* determination of the Defendant's eligibility for bail.  *U.S. v. Delker,* 757 F.2d 1390 (3d Cir. 1985).

## II. TITLE 18 SECTION 3142 SUPPORTS THE RELEASE OF MR. FREY PENDING TRIAL

Bail is to be determined in accordance with the Bail Reform Act, 18 U.S.C. Sections 3141 *et seq*.  Under Section 3142, the court is to release a defendant on personal recognizance or subject to conditions unless it determines after a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community".  *Id*. Section 3142(e), (f).  It is the government's burden to prove by clear and convincing evidence that no such conditions exist.  The Bail Reform Act also provides for a rebuttable presumption in favor of detention under certain circumstances listed in 3142(e) and (f).  In this case it is conceded that such a presumption exists.  However, the presumption is rebutted by evidence that the defendant is not a flight risk, not a danger to another person, not a danger to the community, and in consideration of factors listed in Section 3142(g).

Pursuant to 3142(f) a court must determine whether any condition or combination of conditions set forth in 3142(c) will reasonably assure the appearance of the defendant and the safety of the community.  Section 3124(f) states that to support a finding of detention under 3142(e) the court must find that Mr. Frey:

1. poses a serious risk of flight (3142(f)(2)(A)),
2. poses a serious risk that he will obstruct justice or threaten, injure, or intimidate a witness (3142(f)(2)(B)),
3. Or, that the government has proven by clear and convincing evidence that no conditions or combination of conditions, will reasonably assure the safety of the community. *Id*.

Pursuant to 3142(g) the court must consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of Mr. Frey and the safety of the community;

1. The nature and circumstances of the offense, including whether the offense is a crime of violence;
2. The weight of the evidence;
3. The history and character of Mr. Frey;
    1. Physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances in court;
    2. Whether at the time of the current offense or arrest the person was on probation or parole or on release pending trial for another offense;
4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

On August 6, 2020, the family home of the Defendant, 3049 Almond Street in Philadelphia, was searched pursuant to a search warrant, by the F.B.I. The search warrant was issued based upon evidence that Mr. Frey was engaged in the possession of and distribution of child pornography. Mr. Frey cooperated immediately with law enforcement, provided a recorded statement and submitted to a polygraph examination and he was not arrested until October 20, 2020 pursuant to a complaint and arrest warrant. Mr. Frey stipulates to probable cause for his arrest. According to the arrest warrant Mr. Frey engaged in viewing and sharing child

pornography beginning in January 2020.  It is also alleged that Mr. Frey boasted in an online chat room that he sexually assaulted his minor daughter.

Since August 6, 2020, the sexual assault claims of the Defendant have been the subject of federal, state and local investigation.  The daughter was interviewed by a forensic interviewer at Philadelphia Police Special Victims Unit (at least once) and interviewed by therapists and social workers and medical professionals.  There is no evidence that Mr. Frey sexually assaulted his daughter, but for his baseless online claims which were motivated for selfish purposes; to attain attention and child pornography.  *There is no evidence that Mr. Frey attempted to meet or speak to any minors online or in person or that he touched or assaulted any child.*

B.  MR. FREY'S PERSONAL HISTORY AND CHARACTER SUPPORT RELEASE

Mr. Frey has strong ties to the community.  He was born and raised in the Philadelphia area.  He has resided in Philadelphia for approximately 25 years.  He has been married for 17 years and he and his wife have two children, a boy who is a junior at Roman Catholic Highschool and a daughter who is in 6th grade at Our Lady of Port Richmond School.  He owns two properties in Philadelphia. Both homes are owned free and clear and it appears that both are unencumbered.  Both homes were appraised in August 2020 and collectively are valued at over $400,000.00 (appraisals are available if needed by the Court, the Clerk's Office or any party).  He is self-employed and owns an information technology company that provides support to small businesses in the Philadelphia area.  For the past 17 years he has worked at night for SEPTA.  He is an active and dedicated member of his church in Port Richmond.

On August 6, 2020, Mr. Frey became aware that he was the target of a federal criminal investigation by virtue of the search warrant executed on his family home at 3049 Almond Street. In response to the search warrant and shortly thereafter, Mr. Frey moved from the family home and into his in-laws' home in Bucks County at the direction of the Philadelphia Department of Human Services. There is a safety plan in effect which is monitored by DHS and the grandparents and a neighbor. Per the safety plan Mr. Frey is not to have contact with his children and he is not permitted to visit or occupy the family home. Mr. Frey did not contest removal from his home. Mr. Frey offered to surrender himself when an indictment or warrant was obtained. He currently lives in a property he owns at 3069 Salmon Street where he resides alone. *Mr. Frey did not flee the jurisdiction despite the fact that he was informed that he would be charged and had ample opportunity to do so.*

Since the search warrant was served in this case Mr. Frey has attended regular treatment and counseling with Richard P. Fitzgibbons, M.D., for sexual disorder and marriage counseling. It appears that this case is Mr. Frey's first encounter with the criminal justice system and that his criminal conduct in this case lasted approximately one year. It also appears that Mr. Frey has not engaged in any illegal activity since August 6, 2020 since the search warrant was served.

### C. THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY SUPPORT MR. FREY'S RELEASE

In consideration of Mr. Frey's history and characteristics and the nature and circumstances of the case this case Mr. Frey has provided credible evidence that there are conditions of release which guarantee his appearance in this matter and the safety of the community, and as such, Mr. Frey has overcome the rebuttable presumption against his pretrial

release. The government has not met its burden to prove by clear and convincing evidence that there are no conditions of release which would guarantee the appearance of Mr. Frey in this case. The government has not met its burden to prove by clear and convincing evidence that Mr. Frey presents a danger to the community. Child pornography is a insidious crime, and Mr. Frey's online claims that he sexually abused his daughter are concerning, however, there was an investigation and there is no corroborating evidence of such claims and no evidence that he attempted to engage a minor in any communication or illegal act. It is unlikely that Mr. Frey will perpetrate crimes if released even without conditions and much less likely that he will with very strict conditions.

Cases in which defendants are charged with Section 2252 and thereafter detained pretrial involve allegations with corroborated evidence of actual or attempted sexual assault, contact with minors, not mere uncorroborated claims of a defendant in a chat room; *United States v. Brownlee*, 2: 11-cr-00101 (W.D. Pa. Jul. 28, 2014)(pretrial detention upheld by district court where defendant was "not merely accused of looking at electronic images of child pornography. Rather, the government presented substantial evidence that Brownlee has been engaged in multiple efforts to arrange actual sexual encounters with real prepubescent children."); *United States v. Blanchard*, Case No. 18-mj-101 (GMH) (D.D.C. Oct. 15, 2018)(pretrial detention order upheld by district court judge where there were, in addition to possession and distribution of child pornography, the defendant "engaged in online explct sexual conversations with an undercover officer, who was posing as a 15-year old girl, during which conversations the defendant used a webcam to show himself masturbating and arranged to meet the girl to have sexual relations . . . ' and "[t]he defendant was arrested at the location he had arranged for that

meeting, in possession of a box of condoms" and [r]eview of the defendant's Yahoo account showed that he 'has several undage girls that he chats with'". . . ); *U.S. v. Schenberger*, 498 F. Supp. 2d 738 (D.N.J. 2007)(order of detention where a police officer possessed child pornography and, in addition, "[i]mmediately before he was arrested while on duty, defendant communicated with the [undercover] agent via internet and was expecting watch via a webcam the live molestation of a five-year old girl in Tennessee. The defendant wrote the agent 'I'm in the office [Pennsauken Township Police Department], once your niece gets there I'll lock my door so I can watch."; *United States v. Kolonis*, No. 2:20-cr-0146 (W.D. Pa. Sep. 3, 2020) (magistrate order of release upheld by district court where "in addition to the standard conditions of release, [magistrate's] Order Setting Conditions of Release provide[d] . . . individualized conditions tailored to the circumstances presented by this case".)

### D. CONCLUSION

On August 6, 2020, Mr. Frey had the opportunity to flee and commit additional crimes after the execution of the search warrant. He was aware that he would be indicted and charged with child pornography crimes. He instead sought counseling and abided by the family safety plan. He has strong ties to the community and he has no history, other than his conduct outlined in the affidavit of probable cause, of posing a danger to anyone in the community. He has rebutted the presumption of pretrial detention. The Court should not find Mr. Frey to be a danger to the community nor a risk of flight. There are conditions which would keep the community safe and assure his appearance in court.

It is respectfully submitted that there are conditions which can be imposed to secure Mr. Frey's appearance in court and prevent risk of danger to the community.

Respectfully submitted,

_____/s/_____
Gregory J. Pagano, Esquire
Attorney for Defendant,
Jon Frey

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served this 2nd day of November, 2020 via the Electronic Case Filing ("ECF") system, upon the following:

AUSA Jeanette Kang
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

                                                        ____/S/_____
                                                        GREGORY J. PAGANO